IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANA R. CARTER, as Personal Representative of the Estate of Wendell Lee Wolfe, Deceased,

Plaintiff,

vs. CIV No. 89-1255 MV/DJS

OWENS CORNING FIBERGLAS CORPORATION, ET AL.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant CertainTeed Corporation's Motion for Summary Judgment, filed January 26, 2001 **[Doc. No. 156]** and Plaintiff's Motion for Leave to File her Response to Defendant CertainTeed's Supplemental Reply, filed June 5, 2001 **[Doc. No. 165]**. The Court, having considered the motion for summary judgment, the response, reply, relevant law and otherwise being fully informed, finds that the motion is not well taken and will be **denied.** Plaintiff's Motion for Leave is **granted**.

**FACTUAL BACKGROUND**

Diana Carter is the Personal Representative of the Estate of Wendell Lee Wolfe, who is now deceased. On November 9, 1989, Plaintiff's Decedent and his spouse, Patricia Jean Wolfe, sued Defendant CertainTeed Corporation along with other defendants for Decedent's injury and death as a result of exposure to Defendant CertainTeed's asbestos-containing products during his

employment at various locations in New Mexico. The other defendants have either settled or are now in bankruptcy proceedings, and the actions against them are stayed. CertainTeed moves for summary judgment on the basis that Ms. Carter has not presented any evidence that Mr. Wolfe was exposed to any product manufactured by CertainTeed. Ms. Carter claims that summary judgment is improper because there are genuine issues of material fact with respect to each element of Plaintiff's causes of action.

**STANDARD OF REVIEW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

### A. Motion for Leave

On May 18, 2001, CertainTeed filed a motion for leave to file a supplemental reply to their motion for summary judgment that included the deposition testimony of Mr. Love. This Court granted CertainTeed's motion on May 23, 2001. On June 5, 2001, Plaintiff filed a motion for leave to file a response to CertainTeed's supplemental reply. The Court finds that Plaintiff's response is necessary to provide a more complete and accurate account of the substance of Mr. Love's deposition. CertainTeed omitted those portions of Mr. Love's affidavit that support Plaintiff's position. In order to consider a more complete record and in the interest of fairness, the Court will consider Plaintiff's response to CertainTeed's supplemental reply.

**B. Motion for Summary Judgment**

Plaintiff's cause of action is predicated on products' liability theories of strict liability, breach of implied warranty and negligence. Defendant moves for summary judgment on the ground that Plaintiff has presented no genuine issue of material fact that its products caused Mr. Wolfe's injuries. Whether Plaintiff proceeds on a negligence or strict liability theory, the burden is on plaintiff to provide that the defendant's product caused the plaintiff's injury. *See Brooks v. Beech Aircraft Corp*., 902 P.2d 54, 61 (N.M. 1995); *Martin v. Unit Rig and Equipment Co., Inc.*, 715 F.2d 1434, 1439 (10th Cir. 1983). Thus, Plaintiff must produce evidence, viewed in the light most favorable to her position, sufficient to permit a reasonable juror to find in her favor on the issue of causation.

In New Mexico, proximate cause is defined as "that which in a natural and continuous sequence unbroken by any new independent causes produces the injury without which the injury would not have occurred." *Pittard v. Four Seasons Motor Inn, Inc.*, 688 P.2d 333, 340 (N.M. 1984). Plaintiff's evidence may be direct, indirect or circumstantial. *See Salinas v. John Deere Co., Inc.*, 707 P.2d 27, 32 (N.M. Ct. App. 1984); *Richards v. Upjohn Co.*, 625 P.2d 1192, 1195 (N.M. Ct. App. 1980).

The evidence submitted by plaintiff supports an inference that Mr. Wolfe was exposed to an asbestos-bearing product manufactured by CertainTeed. Robert Love, a co-worker of Mr. Wolfe's, presented two affidavits that present issues of fact as to whether Mr. Wolfe's injuries were caused by Defendant's products. In one affidavit, he stated that he was an insulator and worked around Mr. Wolfe, a plumber/ pipefitter, from 1974 to 1978 at the Chaves County Courthouse and Jail in Roswell, New Mexico. He stated that together he and Mr. Wolfe worked

in close proximity to coworkers who were cutting, sawing and installing CertainTeed Asbestos-Cement Pipe at the Jailhouse from 1974 to 1978. He also stated that Mr. Wolfe was exposed to the dust created when the CertainTeed Asbestos-Cement Pipe was cut and sawed at the courthouse/ jailhouse in Roswell. In a second affidavit, Mr. Love stated that he worked with Mr. Wolfe throughout 1969 at the University of New Mexico in Las Cruces. He stated that he and Mr. Wolfe worked in close proximity to roofers who were applying CertainTeed Plastic Cement at the Brelland Hall Dormitory at the University. He further stated that both he and Mr. Wolfe worked in close proximity to CertainTeed Plastic Cement when it dried and the dusty residue it left was cleaned up. In Mr. Love's deposition testimony, he stated that he had personal knowledge that CertainTeed Plastic Cement was used on the roof at the Brelland Hall Dormitory. He knew it was CertainTeed because he remembered the distinctive logo on each five-gallon bucket. Mr. Love further stated in his deposition that he thought the cement pipes were CertainTeed because they were used often in the industry. He stated that CertainTeed pipes were a "necessary product" and had "a big chunk of the market." He stated that he saw Mr. Wolfe working around other people cutting the cement pipe, that when the pipe was being cut, it created a dust that circulated around anyone in the area. He stated, "It didn't matter what craft they would belong to or anything. If they were just walking past it, you breathed in, they were exposed to the asbestos that come in that product." *See Plaintiff's Response to Defendant's Supplemental Reply* at 22. Finally, Mr. Wolfe was a plumber/ pipefitter. Mr. Love testified that plumbers used CertainTeed plastic cement to seal the joints.

Courts have held that a co-worker's testimony may be sufficient to show that a plaintiff was exposed to the defendant's asbestos-laden products. *See Johnson v. Celotex Corp.*, 899 F.2d

1281, 1286 (2d Cir. 1990) (co-worker testimony established causation of exposure to asbestos); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 380 (3rd Cir. 1990) (indicating that co-worker testimony is "traditional" evidence of causation in asbestos cases); *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1480 (11th Cir. 1985) (evidence of exposure was affidavit from counsel with article submitted as a "learned treatise" and co-worker testimony on the nature of asbestos dust); *Migues v. Fibreboard Corp.*, 662 F.2d 1182, 1185 (5th Cir. 1981) (testimony of former co-workers that decedent-plaintiff had worked with defendant's products, and that use of the products created asbestos dust which all the workers inhaled, provided sufficient evidence to support the jury's conclusion that plaintiff had been exposed to defendant's products). In some cases, courts have found the evidence sufficient to prove causation where the evidence is quite circumstantial and indirect. *See Jackson v. Johns-Manville Sales Corp.*, 727 F.2d 506, 523 (5th Cir.1984) (plaintiff provided sufficient information to support a jury verdict even though plaintiff was unable to prove with any specificity that he came into contact with the defendants' products; evidence showed that defendants' products were ordered for use on a number of ship hulls on which the plaintiff worked and co-workers testified that they worked with the products under very dusty circumstances).

Plaintiff presented corroborating evidence that Mr. Wolfe worked as a plumber/ pipefitter at the Chaves County Courthouse and Jail in Roswell, New Mexico from 1974 to 1978 and the Breeland Hall Dormitory at the University of New Mexico in Las Cruces in 1969. In Defendant's answers to Plaintiff's Interrogatories, Plaintiff showed that in fact, CertainTeed did manufacture the CertainTeed Asbestos-Cement Pipe, which had an asbestos content as high as 21 percent. Defendant's answers to Plaintiff's Interrogatories also confirm that CertainTeed manufactured

and distributed CertainTeed Plastic Cement, which had an asbestos content as high as 36 percent. Both of the indicated uses for CertainTeed's asbestos products were consistent with the uses as reported by Mr. Love in his affidavits.

CertainTeed contends that the only evidence plaintiff has presented in support of causation are Mr. Love's affidavits. Viewing the evidence in the light most favorable to the Plaintiff, this Court finds that Plaintiff has put forth evidence that could cause a reasonable juror to find in her favor on the issue of causation. CertainTeed claims that this Court should disregard Mr. Love's affidavits because they seemingly contradict his own prior testimony in a deposition, in Plaintiff's responses to interrogatories and Plaintiff's submitted work histories. Courts may disregard an affidavit that is contrary to prior testimony when they conclude that it constitutes an attempt to create a sham fact issue. *See Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The Tenth Circuit stated that the factors relevant to the existence of a sham fact issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.* (citations omitted).

The Court finds that Mr. Love's affidavits do not conflict with his prior testimony as CertainTeed contends. The fact that Mr. Love at one point could not remember all of the names of the asbestos manufacturers to which he and Mr. Wolfe were exposed does not preclude the possibility that his recollection was refreshed. *See, e.g., F.D.I.C. v. Medmark, Inc.*, 902 F. Supp. 1430, 1433-34 (D.Kan. 1995) (*Franks* distinguished where witness stated at deposition that he had no recollection; memory refreshed at evidentiary hearing). The issues that CertainTeed raise

regarding Mr. Love's inconsistent statements are credibility questions for the jury. They do not warrant summary judgment.

Further, the Court finds that Mr. Love's deposition testimony does not indicate that there is no genuine issue of fact. In support of this contention, CertainTeed cites to some of Mr. Love's answers that state that he could not testify whether Mr. Wolfe was exposed to CertainTeed's products. While some of Mr. Love's answers support the conclusions that CertainTeed would like to draw, Plaintiff cites to other answers of Mr. Love's that support Plaintiff's position. The Court initially finds that Mr. Love's answers are not necessarily contradictory. The discrepancy between Mr. Love's answers appears to be that he is reluctant to state for certain that Mr. Wolfe was exposed to CertainTeed products. However, he provides the necessary circumstantial evidence that Mr. Wolfe was exposed to CertainTeed products. CertainTeed's questions to Mr. Love asked for definitive knowledge; Mr. Love appeared relucatant to give definitive answers, as are most witnesses. However, when those same questions were phrased by Plaintiff's counsel in a less threatening (and non-leading) manner, Mr. Love provided sufficient evidence that would allow a reasonable juror to conclude that Mr. Wolfe was exposed to CertainTeed's asbestos products. It is for a jury to sift through Mr. Love's testimony in order to determine whether Mr. Wolfe was exposed to CertainTeed's products.

Because the Court finds that, when viewing the evidence in a light most favorable to Plaintiff, Plaintiff has raised a genuine issue of material fact as to whether Mr. Wolfe was exposed to Defendant CertainTeed's asbestos-laden products at his sites of employment, the Court concludes that summary judgment is inappropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant CertainTeed Corporation's Motion for Summary Judgment, filed January 26, 2001 **[Doc. No. 156]**, is hereby denied; Plaintiff's Motion for Leave, filed June 5, 2001 **[Doc. No. 165]** is hereby granted.

Dated this 15th day of June, 2001.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
Jennifer Kinder
David J. Stout

Attorneys for Defendant
Mary Price Birk
Ronald L. Hellbusch
Tim L. Fields
Michelle Martinez